IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**BRENT RANDALL COLSON**,

    Plaintiff,

    v.

**PORTLAND ADVENTIST MEDICAL CENTER**,

    Defendant.

Case No. 3:15-cv-01601-SI

**OPINION AND ORDER**

Brent Randall Colson, 38954 Proctor Boulevard, Post Office Box 171, Sandy, OR 97055. Plaintiff *pro se*.

**Michael H. Simon, District Judge.**

    Plaintiff Brent Randall Colson ("Colson") filed *pro se* claims against Defendant, Portland Adventist Medical Center ("Portland Adventist"). Dkt. 1. Service of process has not yet occurred. Additionally, Colson filed a motion for an emergency *ex parte* order and an application with the court to proceed *in forma pauperis*. Dkts. 2, 3. The Court grants Colson's application to proceed *in forma pauperis*, but finds that even under the liberal pleading standards afforded a *pro se* plaintiff, Colson fails to state a claim upon which relief may be granted. Accordingly, for the reasons stated below, this case is dismissed.

## STANDARDS

    A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the Court determines that the action is "frivolous or malicious" or the complaint "fails to state a claim upon which relief can be granted." 28 U.S.C. § 1915(e)(2); *see*

PAGE 1 – OPINION AND ORDER

*also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (discussing an earlier version of the statute); *Jackson v. Arizona*, 885 F.2d 881, 882 (9th Cir. 1989). A complaint is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke*, 490 U.S. at 325; *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 882 (9th Cir. 1991); *Jackson*, 885 F.2d at 640. The term "frivolous," when used to describe a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325.

A complaint fails to state a claim when there is no cognizable legal theory or the factual allegations are insufficient to support a claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). But to be entitled to a presumption of truth, the complaint must do more than simply allege legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The plaintiff "may not simply recite the elements of a cause of action, but must [provide] sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The underlying factual allegations must "*plausibly* suggest an entitlement to relief." *Baca*, 652 F.3d at 1216 (emphasis added). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

*Pro se* plaintiffs receive special dispensation. A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v.*

*Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A *pro se* litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation and internal quotation marks omitted). But even a *pro se* plaintiff must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## BACKGROUND

Portland Adventist admitted Colson on October 6, 1996, and released him on October 11, 1996. In his *pro se* Complaint, Colson alleges that: (1) he was unlawfully detained; (2) Portland Adventist did not follow the procedures of section 426.232 of the Oregon Revised Statutes; (3) Portland Adventist violated Colson's federal and state due process rights; (4) Portland Adventist intentionally falsified medical records; (5) Portland Adventist prevented Colson from receiving medical treatment from other providers by contacting those providers to ensure they would not treat Colson; and (6) Portland Adventist released Colson's medical records without his consent. Colson seeks five million dollars in damages.

## DISCUSSION

Colson's Complaint fails to allege a cause of action under federal law. Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Unlike state courts, which are courts of general jurisdiction, federal courts may only exercise jurisdiction in certain kinds of cases as authorized by the United States Constitution and Congress. *See id.*; *United States v. Jacobo Castillo*, 496 F.3d 947, 951 (9th Cir. 2007) (*en banc*). Federal courts have jurisdiction over two primary categories of cases: (1) those based on federal law (federal question jurisdiction); and (2) those involving citizens of different states where more than $75,000 is at issue (diversity jurisdiction). *See* 28 U.S.C. §§ 1331-32. In Section II.A. of his

PAGE 3 – OPINION AND ORDER

Complaint, Colson checked the box for "Federal Question" as the basis for federal court jurisdiction. He listed the Economic Espionage Act of 1996, 18 U.S.C. §§ 1831-39, as the federal statute at issue. Colson's Complaint, however, does not allege any facts relating to economic espionage.

Instead, Colson's Complaint appears to attempt to allege a 42 U.S.C. § 1983 claim by asserting that Portland Adventist violated his Constitutional rights. To state a claim for liability under Section 1983, "'a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law.'" *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (quoting *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1149 (9th Cir. 2011)). "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful . . . .'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)).

A private individual may, under certain circumstances, act under the color of state law. The Ninth Circuit recognizes "at least four different criteria, or tests, used to identify state action: '(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus.'" *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835-36 (9th Cir. 1999)). "Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists." *Id.*

Colson's Complaint—even when liberally construed—fails to state a Section 1983 claim. Colson has not alleged any facts indicating that Portland Adventist acted "under the color of state law." *Tsao*, 698 F.3d at 1138. The Court is skeptical that Colson can assert facts sufficient to show that Portland Adventist, a private hospital, was acting under the color of state law when it

PAGE 4 – OPINION AND ORDER

treated Colson. It is not "absolutely clear," however, that Colson cannot state a Section 1983 claim. *See Karim-Panahi*, 839 F.2d at 623. Accordingly, Colson has leave to amend his Complaint if he can allege facts plausibly suggesting that Portland Adventist was a state actor at the time of the alleged Constitutional violations.

Colson's remaining claims are state law claims. Because Colson asserts federal question jurisdiction, Colson may bring state law claims in this Court only if they are "part of the same case or controversy" as his federal claims. *See* 28 U.S.C. § 1367(a). Colson's Complaint, however, has failed successfully to allege any federal claims that support federal question jurisdiction. As a result, this Court declines to exercise supplemental jurisdiction over his state law claims. *See* 28 U.S.C. § 1367(c)(3).

Colson's Complaint does not assert diversity jurisdiction. Because the Court liberally construes *pro se* pleadings, the Court considers whether Colson's allegations are sufficient for diversity jurisdiction.

Diversity jurisdiction requires that the plaintiff and defendant be "citizens of different states." 28 U.S.C. § 1332(a)(1). The plaintiff has the burden of showing diversity of citizenship. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001). The plaintiff's state of domicile determines his state citizenship. A plaintiff has his domicile at his "permanent home, where [he] resides with the intention to remain or to which [he] intends to return." *Id.* at 857. A court considers the following factors when determining domicile:

> [C]urrent residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes. . . . [D]omicile is evaluated in terms of objective facts, and . . . statements of intent are entitled to little weight when in conflict with facts.

PAGE 5 – OPINION AND ORDER

*Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (quotation marks and citations omitted).

Colson does not allege whether he is a citizen of Oregon or California. Although Colson lists a California street address on his Complaint, his mailing address is in Sandy, Oregon. He does not allege that he is registered to vote in California, files a state tax return in California, has a California driver's license, or other facts from which this Court could infer California citizenship. If Colson asserts diversity jurisdiction in any future amended complaint, he must allege facts sufficient to clarify whether he is a resident of Oregon or California for jurisdictional purposes.

Interpreting the Complaint under the liberal *pro se* pleading standard and affording the Colson the benefit of any reasonable doubt, the Court finds that the Complaint contains insufficient facts to support a cause of action. For these reasons, the Court holds that the Complaint fails to state a claim on which relief may be granted and dismisses this case under 28 U.S.C. § 1915(e)(2).

## CONCLUSION

Colson's application to proceed *in forma pauperis* (Dkt. 3) is GRANTED. Colson's Complaint (Dkt. 1), however, fails to state a claim upon which relief may be granted, s*ee* 28 U.S.C. § 1915(e)(2). Colson's Complaint (Dkt. 1) is DISMISSED. Colson's Motion for Emergency *Ex Parte* Order (Dkt. 2) is denied as moot. Colson may file an amended complaint that cures the defects noted in this Opinion and Order by October 2, 2015.

**IT IS SO ORDERED.**

DATED this 8th day of September, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 6 – OPINION AND ORDER